C. F. Paul, *Publisher.*]......$1.00 per annum......[O. L. Barbour, *Reporter.*

Vol. VI.]      SARATOGA SPRINGS, MAY 25, 1846.      [No. 3.

## Court of Chancery.

### DECISIONS OF THE CHANCELLOR,
MAY 25, 1846.

*Peter Cogger* v. *Launcelot Howard.* J. Rhodes, for complainant; W. C. Noyes, for defendant. Order declaring defendant to be in contempt for not complying with the order of the court and the decision of the master to deliver over property; and directing that he be committed until he shall have delivered over the property and paid a fine of $25 to cover the costs, besides the sheriff's fees.

*Elizabeth B. Coleman* v. *Shadrach Harmon et al.* J. A. Verplank, for appellants, ; J. G. Hoyt, for respondent.— Order appealed from affirmed with costs. Defendants to have the same time after the entry of the decree of affirmance, to put in their further answers that they had at the time of the service of the appeal, if the proceedings have been stayed by the appeal.

*In the matter of the petition of Abraham Van Wyck.* N. Cole, for petitioner. This was an application by one of three executors to be discharged from his trust and to leave the trust to be discharged by the other executors. The chancellor *held* that independent of any statutory provisions on the subject, the court has no power, upon mere petition, to discharge any trustee, or to accept his resignation and appoint another in his place, without the consent of all persons who are, or who upon any future contingency may be, interested in the execution of the trust. That the usual course of proceeding for the purpose of changing a trustee is upon a bill, to which all parties interested are either actually or constructively made parties.

That although the revised statutes have authorized the court,

*[margin note: Power of court to discharge executors and trustees.]*

3

upon petition, to accept the resignation of a trustee, and to discharge him from his trust in certain cases, it is at least doubtful whether this provision extends to the case of an executor, so far as relates to his power to sue for and collect debts due to the testator, or as relates to his liability to creditors, legatees, and next of kin on account of the personal estate which may have come to his hands.

When one of several trustees will not be discharged without substituting another in his place.

And the chancellor was of the opinion that the discharge of the petitioner, without appointing a new trustee in his place, would render it doubtful whether the remaining executors could execute the power in trust to sell the testator's real estate, so as to give a good title to purchasers; inasmuch as none of the provisions of the revised statutes respecting executors or trustees authorize a part of the executors to whom a joint power is given, to execute the same, so as to transfer a good title to the purchaser, where one of those to whom such joint power was given has been discharged from his trust by this court after he had accepted the trust, and duly qualified as executor.

That if the person creating the trust has not authorized it to be executed by a part of the trustees, the court must appoint a new trustee in the place of the one who has resigned or been removed, to join with the others in the execution of the trust to power in trust, in order to give a valid title to a purchaser.

Petition denied.